**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CLOVER M. BARRETT,

Plaintiff,

v.

THE CITY OF NEW YORK, POLICE OFFICER RAYMOND WHITE, POLICE OFFICER MICHAELANGELO HIDALGO a/k/a POLICE OFFICER MICHAEL HIDALGO, POLICE OFFICER JOHN DOE, BETTY LUGO, CARMEN A. PACHECO, PACHECO & LUGO PLLC A/K/A PACHECO LUGO ATTORNEYS AT LAW

Defendants.

**Case No. 22-cv-01658-ENV-RLM**

**HON. SYLVIA O. HINDS-RADIX**

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Respectfully submitted,

**SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.**
Ilana S. Hanau, Esq.
New York Bar No. 041201989
*Attorneys for Defendants*
777 Third Avenue, Suite 2400
New York, New York 10017
(212) 651-7500
ihanau@smsm.com

TABLE OF CONTENTS

**INTRODUCTION**........ 1

**ARGUMENT**........ 2

**I. Plaintiff has not plead sufficient facts to allege concerted action between Defendants and the State.** ........ 2

**II. Plaintiff has not plead sufficient facts to allege a conspiracy between Defendants and the state.** ........ 6

**III. Rule 4(m)'s requirement of timely service starts with the filing of the original complaint and is not superseded by an amended complaint. state.**........ 8

**IV. Plaintiff's claim for malicious prosecution is untimely and the case should be dismissed.** ........ 9

**V. The court should abstain or dismiss pursuant to *Colorado River*.**........ 10

**CONCLUSION** ........ 13

**TABLE OF AUTHORITIES**

**Cases**


Alexanian v. New York State Urban Development Corp., 554 F.2d 15, 17 (2d Cir. 1977)....... 7, 8
Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999) ........ 6
*Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999)........ 9
*American Alliances Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997)............. 13
Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985) .... 12
Ash v. Alexander, No. 99-CV-3820, (S.D.N.Y. Jan. 12, 2000) ........ 12
Bacquie v. City of New York, 2000 U.S. Dist. LEXIS 10606, 2000 WL 1051904 (S.D.N.Y. 2000) ........ 7, 8
Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2014) ........ 2, 4
Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) ........ 9
Butterworth v. Town of Greece, 20-cv-6162, 2021 U.S. Dist. LEXIS 13268, 2021 WL 241961, at *7 (W.D.N.Y. 2021)). ........ 9
Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)........ 2, 6
Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001)........ 10
Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, *LLC*, 923 F. Supp. 2d 590, 600 (S.D.N.Y 2013)..... 12
Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987)........ 9
Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994)........ 10
Estes-El v. Dumoulin, No. 6-CV-2528, 2012 U.S. Dist. LEXIS 54682, 2012 WL 1340805, at *4 (E.D.N.Y. Apr. 18, 2012)........ 4
Ftema Raysor v. City of New York et al., 19-CV-6265 (DG)(MHH), EDNY, ECF No. 58 ....... 11
Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992)........ 3
Kash v. Honey, 38 F. App'x 73, 75—76 (2d Cir. 2002) ........ 4
Markell v. Cty. of Nassau, No. 19-cv-6993 (BMC), 2022 U.S. Dist. LEXIS 73925 (E.D.N.Y. Apr. 22, 2022) (citations omitted)........ 8
Mazuma Holding Corp. v. Bethke, 1 F. Supp. 3d 6, 26 (E.D.N.Y. 2014)........ 12
Mines v. City of N.Y., No. 18-CV-5747(KAM)(SJB), 2020 U.S. Dist. LEXIS 149956 (E.D.N.Y. Aug. 19, 2020) ........ 11
Moreno v. Town of Greenburgh, 13 Civ. 7101 (VB), 2014 U.S. Dist. LEXIS 113282, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014)........ 6
Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)................... 11, 12
Pappas Harris Cap., LLC v. Bregal Partners, L.P., No. 20-CV-6911 (VEC), (S.D.N.Y. July 27, 2021) ........ 12
*SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 699 n.6 (S.D.N.Y. 2005) ........ 3
Shapiro v. City of Glen Cove, No. CV 03—0280, 2005 U.S. Dist. LEXIS 43276, 2005 WL 1076292, at *7 (E.D.N.Y. May 5, 2005)........ 4
*Shields v. Murdoch*, 891 F. Supp. 2d 567, 583 (S.D.N.Y. 2012)........ 13
Stahl York Ave. Co. v. City of New York........ 12
Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) ......... 6, 7, 8
Tornheim v. Eason, 175 F. App'x 427, 429 (2d Cir. 2006)........ 6
Village of Westfield, N.Y. v. Welch's, 170 F.3d 116, 120-21 (2d Cir. 1999) ........ 11
Zottola v. Eisai Inc., 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021)........ 8

**Rules**

Fed. R. Civ. P. 15(a)(1)(A) .......... 8
Fed. R. Civ. P. 15(a)(1)(B) .......... 8
Fed. R. Civ. P. Rule 4(m) and 15(a) .......... 8, 9

**U.S. Code**

§ 1983.......... 1, 4, 6

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CLOVER M. BARRETT,

Plaintiff,

v.

THE CITY OF NEW YORK, POLICE OFFICER RAYMOND WHITE, POLICE OFFICER MICHAELANGELO HIDALGO a/k/a POLICE OFFICER MICHAEL HIDALGO, POLICE OFFICER JOHN DOE, BETTY LUGO, CARMEN A. PACHECO, PACHECO & LUGO PLLC A/K/A PACHECO LUGO ATTORNEYS AT LAW

Defendants.

**Case No. 22-cv-01658-ENV-RLM**

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

Defendants, Betty Lugo, Carmen A. Pacheco, and Pacheco & Lugo PLLC a/k/a Pacheco Lugo Attorneys at Law (hereinafter collectively "Defendants") by and through their undersigned counsel, in support of their Motion to Dismiss Plaintiff's Amended Complaint ("AC") state as follows:[1]

## INTRODUCTION

Plaintiff's flawed attempt to make a federal case out of a real property dispute should be dismissed for failure to state a cause of action against Defendants. Plaintiff's AC and Memorandum of Law in opposition to Defendants' Motion to Dismiss (hereinafter, "Response") contains boilerplate wording in an attempt to state a cause of action against private citizens pursuant to § 1983. In response to Defendants' opening brief, Plaintiff filed a Response which

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in Defendants' Memorandum of Law in Support of Motion to Dismiss.

attempts to save her doomed claim with conclusory statements while admitting that her claim is time-barred.

Rather than let this wasteful effort to prosecute a time-barred and insufficiently plead claim continue, this court should dismiss the action, with prejudice.

## ARGUMENT

### I. Plaintiff has not plead sufficient facts to allege concerted action between Defendants and the State.

A private actor acts under color of state law when the private actor is a willful participant in joint activity with the State or its agents. (Betts v. Shearman, 751 F.3d 78, 85 (2d Cir. 2014) (internal quotations & citations omitted)). “A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §1983 claim against the private entity.” (Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002)). The plaintiff must show that the private actor and the state “share some common goal to violate the plaintiff's rights.” (Betts, 751 F.3d at 85). The AC is peppered with incantations of the talismanic words “acted in concert,” “color of state law” and “joint activity,” but at its core, fails to state a claim.

In her Response, Plaintiff claims in conclusory fashion that she did plead enough facts to survive a motion to dismiss. Specifically, she claims that: (1) Defendants were able to file a new complaint against Plaintiff "because of Defendants' relationship and political connection with high ranking enforcement officials and members of the New York City Police Department, including [Defendant] Police Officer Hidalgo;” (2) that Defendants were “pushing” for Plaintiff’s arrest; (3) that “Defendant Hidalgo seemed to be familiar with the Pacheco and Lugo Defendants and ‘spoke privately with [Defendants]’ at the scene” and that Defendant Hidalgo was “aggressive” with Plaintiff and that he “orchestrated” Plaintiff’s arrest; and (4) that Defendant Lugo “executed a corroborating affidavit in support of the Criminal Complaint which

contained false statements, thereby having a role in the initiation of the malicious prosecution of Plaintiff. (Response, p. 8-9).

As a preliminary matter, it must be pointed out that the underlying criminal complaint was not adjudicated in "Plaintiff's favor" (See, AC, ¶ 75 "The charges against Plaintiff were disposed of in her favor by the New York City Criminal Court, dismissed on the application of the Richmond County DA after the Special Prosecutor's investigation."). Plaintiff did file a copy of the transcript of the hearing where the case was dismissed in her underlying state court action against the NYPD. A true and correct copy of this transcript is annexed hereto as **Exhibit A**.[2] Notably, the Richmond County D.A., Mr. Farrell presented an oral motion to dismiss the criminal case, "in the interest of justice." (Ex. A., p. 2, ln 10-12). However, "[a] dismissal 'in the interest of justice' is neither an acquittal of the charges nor any determination of the merits. Rather, it leaves the question of guilt or innocence unanswered. Consequently, as a matter of law, it cannot provide the favorable termination required as the basis for a claim of malicious prosecution. (Hygh v. Jacobs, 961 F.2d 359, 368 (2d Cir. 1992) (citations omitted)).

Turning now to the substance of Plaintiff's Response, the filing of a new criminal complaint does not constitute concerted action. It is undisputed that Plaintiff destroyed the Defendants' property which prompted NYPD involvement. If the Defendants wanted to file a new complaint against a party who destroyed their property after the NYPD did not act, that is entirely their prerogative. Plaintiff is asking this court to infer that the only reason Defendants were "able to file a new complaint" is because they are "politically connected with high-ranking enforcement officials and members of the New York Police Department." This argument is

[2] Courts routinely take judicial notice at the motion to dismiss stage of transcripts—including those of testimony provided in related criminal proceedings—when they are incorporated into the complaint by reference. *See, e.g. SEC v. Siebel Sys., Inc.*, 384 F. Supp. 2d 694, 699 n.6 (S.D.N.Y. 2005) (taking judicial notice of transcripts relied upon by complaint).

simply flawed. The Defendants were able to file a new complaint because they were citizens under the jurisdiction of the NYPD who had a claim against Plaintiff for property damage. Regardless of any conclusory allegations of political connections, a new complaint was filed because Plaintiff destroyed Defendants property – full stop. Assuming for the sake of this motion that Defendants were able to file a new criminal complaint only due to their political connections, it is irrelevant – as stated, *supra*, a Plaintiff must show that the private actor and the state "share some common goal to violate the plaintiff's rights." (Betts, 751 F.3d at 85). In other words, using a political connection does not also mean that the parties shared a common goal.

Next, Plaintiff's claim that "Defendants were pushing for her arrest" does not allege state action at all and is directed only at the Defendants' motives and actions. Moreover, a private party's motivation is irrelevant to the determination of whether that private party acted under color of state law. (Kash v. Honey, 38 F. App'x 73, 75—76 (2d Cir. 2002) (finding no state action by private lawyer who plaintiff alleged "maliciously, for purpose or purposes personal to him, including the purpose of penalizing [plaintiff] for exercising his First Amendment rights . . . falsely charged [plaintiff] in an accusatory instrument."); Shapiro v. City of Glen Cove, No. CV 03—0280, 2005 U.S. Dist. LEXIS 43276, 2005 WL 1076292, at *7 (E.D.N.Y. May 5, 2005) ("In any event, whatever motivation [a private party] may have had in calling in the complaint and alerting the media is irrelevant to the question of whether she was a state actor."); Estes-El v. Dumoulin, No. 6-CV-2528, 2012 U.S. Dist. LEXIS 54682, 2012 WL 1340805, at *4 (E.D.N.Y. Apr. 18, 2012). "[I]t is only when a private actor takes a more active role and jointly engages in action with state actors[] that he will be found to have acted under color of state law for purposes of Section 1983.") Secondly, Plaintiff's was arrested because *Plaintiff destroyed the Defendants'*

*property*, not because Defendants were "pushing for her arrest." Clearly, this pleading does not state the specificity required to survive a 12(b)(6) motion.

Third, Plaintiff alleges that Defendant Hidalgo "seemed to be familiar with the Pacheco and Lugo Defendants and 'spoke privately with [Defendants]' at the scene." Plaintiff also alleges that Defendant Hidalgo was "aggressive" with Plaintiff and that he "orchestrated Plaintiff's arrest." As an initial matter, Defendants are confused as to why Plaintiff is so focused on Defendant Hidalgo. Plaintiff's perception of Defendants' familiarity with this officer is a red herring and perhaps based on Plaintiff's own racial bias. Regardless, familiarity does not a conspiracy make, as Plaintiff would like this court to infer. That inference is simply too far leap to survive a motion to dismiss. Plaintiff goes on to state that officer Hidalgo "orchestrated" her arrest. Indeed, an officer had to actually orchestrate an arrest, but Plaintiff does not allege that Defendant Hidalgo orchestrated the arrest at the direction of Defendants, nor does she allege that they were working in concert to effectuate the arrest pursuant to a common goal.

Finally, in her Response Plaintiff alleges that Defendant Lugo "executed a corroborating affidavit in support of the Criminal Complaint which contained false statements, thereby having a role in the initiation of the malicious prosecution of Plaintiff." Indeed, Defendant Lugo did execute a corroborating affidavit in support of the Criminal Complaint. Plaintiff claims (and Defendants dispute) that there were false statements contained in the affidavit. Assuming, *arguendo*, there were false statements in the affidavit, it is of no import because (as pointed out in Defendants' Memorandum of Law in Support of Motion to Dismiss) Second Circuit case law

is clear that falsifying an affidavit or lying to law enforcement does not rise to the level of concerted action with the state.[3]

## II. Plaintiff has not plead sufficient facts to allege a conspiracy between Defendants and the state.

As explained in Defendant's opening brief, "[I]n order to survive a motion to dismiss on [her] § 1983 conspiracy claim, [Plaintiff] must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." (Ciambriello, 292 F.3d at 324-25 (2d Cir. 2002)).

Plaintiff's Response does little to refute the simple fact that she has not satisfied the pleading standard required to survive a 12(b)(6) motion to dismiss a § 1983 conspiracy claim. Specifically, she states that the "[AC] contains much more than conclusory, vague, or general allegations of the Defendant's [sic] conspiracy to violate Plaintiffs [sic] civil rights ... It contains specific factual allegations of how, at least during the period of August 28, 2018, through June 12, 2019, Defendants Pacheco and Lugo employed their connections in the NYPD and D.A.'s Office and worked closely together with the City Defendants..." (Response, p. 10, ¶ 2). The only allegations regarding the referenced time frame touch on unsupported allegations of Pacheco and Lugo making "false statements and deliberate fabrication of evidence" directed to the NYPD (See, AC, ¶ 57-62). Nowhere in the refenced pleadings does Plaintiff allege specific facts about

---

[3] *See* Tornheim v. Eason, 175 F. App'x 427, 429 (2d Cir. 2006) (upholding district court's dismissal because where private actors provided law enforcement with a false affidavit, "it cannot be said that there had been a meeting of the minds between the private and state actors such that they had been 'jointly engaged' in a plan to deprive [the plaintiff] of any rights"); Moreno v. Town of Greenburgh, 13 Civ. 7101 (VB), 2014 U.S. Dist. LEXIS 113282, 2014 WL 3887210, at *3 (S.D.N.Y. June 9, 2014) (on motion to dismiss § 1983 claims, "[a] private actor who provides information to police officers or prosecutors does not act under color of state law... This is so even if the information provided is deliberately false."); Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) (same). Conduct by private actors, "no matter how discriminatory or wrongful, is generally beyond the reach of section 1983." Id. (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)).

how Pacheco and Lugo acted in concert with the NYPD – she merely makes the naked statement that they provided false information to the police. As referenced, *supra*, providing false information to the police does not transform a private actor into a state actor for § 1983 purposes. Accordingly, Plaintiff fails to plead *how* the Defendants acted in concert with the NYPD.

Plaintiff's reference to the *Stewart* case in Plaintiff's Response is unavailing and actually undermines her argument. In *Stewart*, the court explained that the only allegation of a conspiracy between the private and state actors was a "bare and completely unsupported allegation that the photo identification was part of some unspecified 'plan' of [the defendants] to falsely accuse Stewart." (Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012)). The court opined that "Thus, with no factual elaboration, the complaint alleges that [defendant] with deliberate indifference and reckless disregard acted in concert with [the state defendant] knowing that [plaintiff] looked nothing like the person observed by [defendant] on the Store surveillance tape." Id.

Such pleading amounts to nothing more than a bare recitation of the elements of a cause of action and is insufficient to survive this motion to dismiss." (Id., citing Bacquie v. City of New York, 2000 U.S. Dist. LEXIS 10606, 2000 WL 1051904 (S.D.N.Y. 2000) (court denied motion to dismiss because defendant hotel "did more than just swear out a complaint, but rather entered into an agreement with the police whereby Plaintiffs were ordered to sign a 'Trespass Report' to avoid arrest – such pleading supported the claim of joint action necessary to state a claim holding a private individual liable as a state actor"); Alexanian v. New York State Urban Development Corp., 554 F.2d 15, 17 (2d Cir. 1977) (civil rights claim stated against individual where it was alleged that individual and police officer threatened plaintiff that charges would be pursued if he did not withdraw charges against conspiring individual)).

Here, as in *Stewart* (and unlike Bacguie and Alexanian), Plaintiff states nothing more than unsupported allegations of an agreement between police officers and the private defendants. These allegations fall short of the facts necessary to support a claim of joint collaboration or conspiracy with the state.

**III. Rule 4(m)'s requirement of timely service starts with the filing of the original complaint and is not superseded by an amended complaint. state.**

Plaintiff's Response does not address Defendants' contention in their opening brief that the AC was untimely served. Instead, she misinterprets the interplay between Fed. R. Civ. P. Rule 4(m) and 15(a) and cites to an inapplicable case. In essence, Plaintiff appears to be arguing that because Defendants did not file their motion to dismiss the AC until October 20, 2022, Plaintiff was within her right under Rule 15(a) to file her AC. (Response, p. 11, ¶ 1). In support of this proposition Plaintiff cites to Zottola v. Eisai Inc., 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021). What the court in Zottola actually said with respect to amendments of right was "Plaintiff could have amended her Complaint as of right within twenty-one days of serving it, *see* Fed. R. Civ. P. 15(a)(1)(A), or within twenty-one days of the filing of Defendants' motion to dismiss, *see* Fed. R. Civ. P. 15(a)(1)(B). Additionally, under this Court's Individual Practice Rule 4.C., Plaintiff had the opportunity to seek leave to amend after the first exchange of pre-motion letters." (Zottola v. Eisai Inc., 564 F. Supp. 3d 302, 319 (S.D.N.Y. 2021)).

Plaintiff is apparently completely missing the mark in that the AC was, in fact, untimely. Fed. R. Civ. P. Rule 4(m) requires service of a summons and complaint within 90 days (formerly 120 days) of the commencement of the action upon penalty of dismissal. Yet the filing of an amended complaint does not restart the clock; it is the date of the filing of the original complaint, not the amended complaint, that remains controlling. (Markell v. Cty. of Nassau, No. 19-cv-6993 (BMC), 2022 U.S. Dist. LEXIS 73925 (E.D.N.Y. Apr. 22, 2022) (citations omitted)). The court

in Markell reasoned that reading Rule 4(m) to revert to the most recently filed complaint, would result in dilatory plaintiffs evading the rule's time deadline by taking advantage of the opportunity under Rule 15(a) to amend the complaint once as of right before a responsive pleading is served; a plaintiff who had never bothered to serve any defendant could avoid altogether the rule's deadline simply by filing an amended complaint when it felt like effectuating service. (Id., citing Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006), (citing, 376 F.3d 829 (8th Cir. 2004)); Charles Alan Wright & Arthur R. Miller, Time Limit for Service, 4B Fed. Prac. & Proc. Civ. § 1137 (4th ed 2022); 1 James Wm. Moore et al., Time for Service, Moore's Federal Practice § 4.80 (3d ed 2022); Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987) (noting that this construction of the rule prevents the plaintiff from repeatedly filing amended complaints "to extend the time for service indefinitely"); Butterworth v. Town of Greece, 20-cv-6162, 2021 U.S. Dist. LEXIS 13268, 2021 WL 241961, at *7 (W.D.N.Y. 2021)).

Rule 4(m)'s requirement of timely service thus starts with the filing of the original complaint and is not superseded by an amended complaint. As such, Plaintiff's service of the AC was untimely and should be dismissed.

**IV. Plaintiff's claim for malicious prosecution is untimely and the case should be dismissed.**

Plaintiff's analysis of the statute of limitations is incorrect as applied to the facts here. Plaintiff argues that the period begins to run upon the invalidation of a conviction, not at the time of alleged misconduct. (Response, p. 12, ¶ 2). In support of this proposition, she cites to *Amaker v. Weiner*. This case is inapplicable here because in *Amaker*, the court was analyzing a section 1983 claim post-conviction. *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999). The confusion is understandable, as stated in Defendant's opening brief, the claim accrues when the plaintiff

knows or has reason to know of the harm." Connolly v. McCall, 254 F.3d 36, 41 (2d Cir. 2001) (quoting Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir.1994). In a post-conviction setting, the potential plaintiff would not have reason to know of the harm until after the conviction was overturned. Here, Plaintiff was not convicted, and she knew of the alleged harm way back when she was arrested on September 7, 2018.

Plaintiff disagrees with Defendants' computation of time for limitation purposes but does concede in her Response that her claim for malicious prosecution is untimely. (Response, p. 12, ¶ 1, "When the running of the statute of limitations for Plaintiff's claim for malicious prosecution... in the AC is properly calculated, the limitations period ran only ten days before the AC was filed."). In a final effort to save her claim, Plaintiff states that since she was only 10 days late the court should have excused her untimeliness. Firstly, recall that Defendant has underlying state court actions based on the same occurrence. Moreover, since a motion is not properly before the court, requesting an extension of time in a response brief is improper.

In sum, because Plaintiff's malicious prosecution claim is untimely, this Court should dismiss it, with prejudice.

## V. The court should abstain or dismiss pursuant to *Colorado River*.

As pointed out in Defendants' memorandum of law in support of its motion to dismiss, in evaluating whether Colorado River abstention is appropriate, courts are to consider six factors: (1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights. Village of Westfield, N.Y. v.

Welch's, 170 F.3d 116, 120-21 (2d Cir. 1999) (citation omitted). No one factor is decisive, and neutral factors weigh against abstention. Id.[4]

As an initial matter, Plaintiff appears to acknowledge that her federal and state cases are predicated on the same incident when she states that there is "an identity of Defendants in this case and the two-state court actions together..." (Response, p. 15, ¶ 2).

Plaintiff's reliance on the *Village of Westfield*, suggesting that a federal court has "little or no discretion to abstain in a case which does not meet traditional abstention requirements" is incorrect. (Response, p. 14, ¶ 1). *See* Ftema Raysor v. City of New York et al., 19-CV-6265 (DG)(MHH), EDNY, ECF No. 58, See *also* Mines v. City of N.Y., No. 18-CV-5747(KAM)(SJB), 2020 U.S. Dist. LEXIS 149956 (E.D.N.Y. Aug. 19, 2020) (stating that the Court would apply the Colorado River doctrine in a Section 1983 case where the State case was first filed, though dismissing on statute of limitations grounds).

Despite Plaintiff's contentions, as to the avoidance of piecemeal litigation, the *Colorado River* Court has stated that "*the most important factor* in [its] decision to approve the dismissal was the 'clear federal policy ... [of] *avoidance of piecemeal adjudication* . . ." (Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983) (emphasis added, citation omitted)).

Although the risk of duplicative litigation is not a determinative factor in a Colorado River abstention analysis, the Second Circuit has noted that that "[m]aintaining virtually identical suits [arising out of the same set of facts] in two forums . . . would waste judicial

---

[4] The City of New York's motion to dismiss and reply in support of same address all six *Colorado River* factors. The Pacheco & Lugo Defendants support the City's argument for dismissal. In response to the City's argument, Plaintiff only addressed the parallel litigation and piecemeal litigation arguments addressed by the City (*See*, Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint at p.3, ¶). As the City suggests, this Court should approach them as unopposed.

resources and invite duplicative effort . . . [A]voidance of piecemeal litigation is best served by leaving these suits in the state court." (Arkwright-Bos. Mfrs. Mut. Ins. Co. v. City of New York, 762 F.2d 205, 211 (2d Cir. 1985)).

The risk of piecemeal litigation weighs heavily in favor of abstention because there is an acute risk that the federal and state proceedings will result in inconsistent judgments. This factor is known as "the most critical" in the abstention analysis because "duplicative litigation 'cause[s] friction between state and federal courts,' which should be avoided." Pappas Harris Cap., LLC v. Bregal Partners, L.P., No. 20-CV-6911 (VEC), (S.D.N.Y. July 27, 2021), *appeal dismissed*, No. 21-2086, (2d Cir. Sept. 29, 2021) (quoting Ash v. Alexander, No. 99-CV-3820, (S.D.N.Y. Jan. 12, 2000)); *see also* Stahl York Ave. Co. v. City of New York) (citing Moses H Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, *16). ("In this matter, both cases arise from the same facts, so resolution of any issue in either court may well breed additional litigation regarding claim and issue preclusion or risk inconsistent rulings."); Mazuma Holding Corp. v. Bethke, 1 F. Supp. 3d 6, 26 (E.D.N.Y. 2014). ("Here, as the federal and state actions are based on the same underlying facts, there is some risk of an inconsistent result; this Court could make a determination on common issues which might not bind the parties named only in the state court action.") (Dalzell Mgmt. Co., Inc. v. Bardonia Plaza, *LLC*, 923 F. Supp. 2d 590, 600 (S.D.N.Y 2013)).

Risks of piecemeal litigation and inconsistent results are probable in this matter. As plaintiff correctly notes, ". . .Pacheco-Lugo Defendants and City Defendants have been sued separately in the two state actions. . ." "Where 'the parties to the suits are not identical and thus not all bound by the judgment of any given court,' the problem of piecemeal litigation is exacerbated by the risk of inconsistent results." *Shields v. Murdoch*, 891 F. Supp. 2d 567, 583

(S.D.N.Y. 2012) (quoting *American Alliances Ins. Co. v. Eagle Ins. Co.*, 961 F. Supp. 652, 658 (S.D.N.Y. 1997)).

There are questions of law and fact connected to this action and the two pending state court actions, therefore there is high risk for potential inconsistent and contradictory determinations. For example, Plaintiff alleges false arrest and malicious prosecution in both the federal and state court action, a decision determining probable cause existed in either forum may cause Plaintiff to be collaterally estopped from relitigating this issue in the other court. Moreover, Defendants are being required to litigate substantially the same claims in both state and federal forums, causing an unnecessary and excessive burden.

Confusingly, Plaintiff alleges that “it is difficult to see how the interests of judicial administration and comprehensive disposition of litigation are furthered by splitting one case here into two in the State Supreme Court.” (Response, p. 15, ¶ 2). What we are dealing with here is *multiplication, not division*. Keeping Plaintiff’s federal action alive will not “split one action into two,” rather, it will add an additional case to the two already in existence.

Plaintiff fails to state any substantive reasons why the Court should not abstain from exercising jurisdiction over her federal case. Rather, this Court should abstain because failing to do so will create a third action stemming from the same occurrence.

## **CONCLUSION**

Based on the foregoing, it is respectfully requested that Plaintiff’s Complaint be dismissed

in its entirety, with prejudice, as set forth in Defendants' Motions to Dismiss or in the alternative, for a stay pending the outcome of the litigation filed in the state court case.

Dated: January 17, 2023
New York, New York

**SEGAL, MCCAMBRIDGE, SINGER & MAHONEY, LTD.**

By:______________________________
Ilana S. Hanau, Esq.
New York Bar No. 041201989
*Attorney for Defendants*
777 Third Ave., Suite 2400
New York, NY 10017
T: (212) 651-7500
F: (212) 651-7499
File No.: 1325.101

To: Clover M. Barrett
*Plaintiff Pro Se*
338 Atlantic Avenue. Suite 201
Brooklyn, NY 11201

Michael Viviano Esq.
*Attorneys for Defendants*
The City of New York,
Michael Hidalgo and
Police Officer Raymond White
New York City Law Department
100 Church Street, Suite 3-309
New York, NY 10007